# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY B. EZEBUIROH, #19059152,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 20-cv-00157-JPG** |
| ) | |
| **JANE DOE 1,** ) | |
| **JANE DOE 2,** ) | |
| **KENNY BENZING,** ) | |
| **JOHN DOE 4,** ) | |
| **and JOHN DOE 5,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jerry Ezebuiroh, an inmate at Marion County Law Enforcement Center ("Jail"), brings this action for deprivations of his constitutional rights under 42 U.S.C. § 1983.  (Doc. 1). In the Complaint, Plaintiff claims that four members of the Jail's staff interfered with his mail, and a fifth staff member subjected him to unconstitutional conditions of confinement.  (*Id*. at pp. 8-11).  Plaintiff seeks monetary relief from the defendants, employment termination of the defendants, and expungement of his criminal record.[1]  (*Id*. at p. 12).

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money

---

[1] Although money damages and injunctive relief are available under Section 1983, termination of the defendants and expungement of Plaintiff's criminal record are not.  These latter two requests for relief are considered dismissed from this action.

damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The Court must also determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 8-11): On January 24, 2019, Sergeant John Doe 5 removed a cross from Plaintiff's door and disregarded his complaints about a moldy sleeping mat and the smell of gas in his cell.  The following members of the Jail's staff also interfered with Plaintiff's incoming and outgoing legal mail by opening it outside of his presence on the following dates: (1) Officer Jane Doe 1 on July 25, 2019; (2) Sergeant John Doe 4 on October 2, 2019; (3) Jail Administrator Kenny Benzing on October 29, 2019; and (4) Officer Jane Doe 2 on December 20, 2019.  (*Id.*).

For purposes of this analysis, Plaintiff's Complaint can be divided into five counts:

| | |
|---|---|
| **Count 1:** | Officer Jane Doe 1 interfered with Plaintiff's incoming legal mail in violation of his constitutional rights on July 25, 2019. |
| **Count 2:** | Sergeant John Doe 4 interfered with Plaintiff's incoming legal mail in violation of his constitutional rights on October 2, 2019. |
| **Count 3:** | Jail Administrator Benzing interfered with Plaintiff's outgoing legal mail in violation of his constitutional rights on October 29, 2019. |
| **Count 4:** | Officer Jane Doe 2 interfered with Plaintiff's incoming legal mail in violation of his constitutional rights on December 20, 2019. |
| **Count 5:** | Sergeant John Doe 5 subjected Plaintiff to unconstitutional conditions of confinement and interfered with his religious exercise on January 24, 2019. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Merits Review Under 28 U.S.C. § 1915A

Counts 1 through 4 survive screening under Section 1915A. Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). An inmate's legal mail is entitled to even greater protection because of the potential for interference with his access to the courts. *Id*. at 782. When prison officials receive a letter marked with an attorney's name or clearly marked as legal mail, they potentially violate a plaintiff's constitutional rights by opening the mail outside of his presence. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). However, the occasional, inadvertent, or negligent opening of mail does not rise to the level of a constitutional violation and is not actionable. *See Rowe*, 196 F.3d at 782; *Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990). "[I]solated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference." *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987). Likewise, prison officials are not prohibited from examining mail to check for contraband. *Wolff*, 418 U.S. at 576.

Plaintiff alleges that his legal mail was opened outside of his presence on numerous occasions. He cites at least three instances of interference with incoming legal mail and suggests that the delay in receiving the mail or missing items impeded his access to the courts. He cites one example of interference with mail he exchanged with an attorney. These allegations suggest a pattern or practice of unlawful mail interference. Whether this interference actually impeded his access to the courts remains to be seen. At this early stage, Counts 1, 2, 3, and 4 will be allowed to proceed against the defendants named in connection with each claim above.

## Severance

Count 5 against Sergeant John Doe 5 does not belong in this action. This claim involves events, facts, and legal theories that are unrelated to Counts 1 through 4. District courts must apply

Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Count 5 cannot proceed in this case. *See* FED. R. CIV. P. 18, 20(a)(2). The Court will exercise its discretion and sever this claim into a new suit. The Clerk will be directed to open the newly-severed case against Sergeant John Doe 5. Plaintiff will be responsible for paying the filing fee for this severed case, unless he timely advises the Court that he does not wish to proceed with the action. Counts 1, 2, 3, and 4 will remain in this action.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1, 2, and 4 against Officer Jane Doe 1, Sergeant John Doe 4, and Officer Jane Doe 2, respectively. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. Jail Administrator Kenny Benzing is already named as a defendant, in his individual capacity, and will be added as a defendant, in his official capacity, for purposes of identifying each defendant by name. Once their names are discovered, Plaintiff must file a motion to substitute the newly-identified defendants in place of their generic designations in the caption and Complaint.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant). Plaintiff has demonstrated

some efforts to locate counsel on his own.  However, it is not clear whether his efforts were made in connection with this particular case, and Plaintiff has numerous cases pending in this District. Plaintiff's lack of education and mental health condition(s) pose little, if any, impediment to litigation of this particular matter, involving straightforward claims of mail interference.  Plaintiff has demonstrated an ability to articulate these claims with relative clarity and otherwise has significant and growing experience litigating matters in this District.  His request for counsel is denied at this time.

### Disposition

**IT IS ORDERED** that **COUNT 5** is **SEVERED** into a new case, which shall be captioned: **JERRY B. EZEBUIROH, Plaintiff vs. SERGEANT JOHN DOE 5, Defendant.**

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that **COUNT 5** and Defendant **SERGEANT JOHN DOE 5** are **DISMISSED** with prejudice from *this action*.  The Clerk of Court is **DIRECTED** to **TERMINATE** this Defendant as a party in CM/ECF.  The Clerk of Court is **DIRECTED** to **ADD KENNY BENZING (official capacity)**, and this defendant shall be responsible for responding to discovery aimed at identifying the unknown defendants (Officer Jane Doe 1, Officer Jane Doe 2, and Sergeant John Doe 4) with particularity.

The **only claims remaining in this action** are the following: **COUNT 1** against **C/O JANE DOE 1**, **COUNT 2** against **SERGEANT JOHN DOE 4**, **COUNT 3** against **JAIL ADMINISTRATOR KENNY BENZING**, and **COUNT 4** against **C/O JANE DOE 2**. **COUNTS 1, 2, 3,** and **4** survive Section 1915A review against each defendant named in connection

with these claims.  The Clerk of Court is **DIRECTED** to modify the case caption as follows: **JERRY B. EZEBUIROH, Plaintiff vs. C/O JANE DOE 1, C/O JANE DOE 2, JAIL ADMINISTRATOR KENNY BENZING, and SERGEANT JOHN DOE 4, Defendants.**

The Clerk of Court shall prepare for Defendant **KENNY BENZING** (individual and official capacities) and, once identified, Defendants **JANE DOE 1, JOHN DOE 4,** and **JANE DOE 2**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **C/O JANE DOE 1, SERGEANT JOHN DOE 4,** and **C/O JANE DOE 2** until Plaintiff has identified them in a properly filed motion for substitution of parties.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 5/12/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## <u>Notice</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.