# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JERRY B. EZEBUIROH, #19059152,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 20-cv-00157-JPG** |
| | ) | |
| **JANE DOE 1, JANE DOE 2, JOHN DOE 4,** | ) | |
| **and KENNY BENZING,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| **JERRY B. EZEBUIROH, #19059152,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 20-cv-00205-JPG** |
| | ) | |
| **JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,** | ) | |
| **and KENNY BENZING,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **JERRY B. EZEBUIROH, #19059152,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 20-cv-00348-JPG[1]** |
| | ) | |
| **KENNY BENZING,** | ) | |
| **ALLISON ALEXANDER,** | ) | |
| **C/O JOHN DOE 1,** | ) | |
| **JAIL ADMINISTRATOR JOHN DOE 1,** | ) | |
| **C/O JOHN DOE 2, C/O JANE DOE 2** | ) | |
| **C/O JANE DOE 3, C/O JANE DOE 4** | ) | |
| **and MARION COUNTY SHERIFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

[1] This case has been consolidated with three other cases, *i.e.*, *Ezebuiroh v. Doe 1, et al.*, No. 19-cv-1042-JPG; *Ezebuiroh v. Doe 1, et al.*, No. 20-cv-203-JPG; *Ezebuiroh v. Doe 1, et al.*, No. 20-cv-228-JPG. Case 20-cv-348 has been designated the "lead consolidated case."

1

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for consideration of the following emergency motions filed by Plaintiff Jerry B. Ezebuiroh, a pretrial detainee at Marion County Law Enforcement Center: (A) Emergency Motion for Order (Doc. 18) filed in Case 20-cv-348-JPG; (B) Motion for Temporary Restraining Order (Doc. 19) filed in Case 20-cv-348-JPG; (C) Motion for Emergency Transfer (Doc. 20) filed in Case 20-cv-348-JPG; (D) Motion for Emergency Transfer (Doc. 13) filed in Case 20-cv-205-JPG; and (E) Motion for Emergency Transfer (Doc. 16) filed in Case 20-cv-157-JPG (collectively "emergency motions"). Plaintiff filed all five emergency motions on May 14, 2020.

In his emergency motions, Plaintiff seeks testing, diagnosis, and treatment of his diabetes-related health issues, medical and/or mental health treatment for an incident involving a swallowed razor blade, medical treatment for a tailbone injury, an order prohibiting further treatment by Nurse Allison Alexander, release pending trial, and/or an emergency transfer to another county jail.

The Court held an initial hearing on the emergency motions on May 20, 2020, and continued the hearing until June 3, 2020. At the initial hearing, Defendants were ordered to complete a medical evaluation of Plaintiff and produce a medical report and pertinent medical records prior to the continued hearing. Defendants complied with this Order. At both hearings, Plaintiff appeared via videoconference with court-recruited counsel and testified. Defendants called no witnesses. Based on the evidence presented and for the reasons set forth herein, the emergency motions shall be **DENIED**.

### ANALYSIS

In order to obtain emergency injunctive relief in the form of a temporary restraining order ("TRO"), a plaintiff must show that (1) his underlying case has some likelihood of success on the

merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunctive relief.  *See Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)).  *See also* FED. R. CIV. P. 65(b)(2).  If those three factors are shown, the Court must undertake an equitable balancing of harm to the parties and the public interest if the injunction is granted or denied.  *Merritte*, 561 F. App'x at 547 (citing *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999)).  The greater the likelihood of success on the merits, the less significant the likelihood the harm must be to the plaintiff.  *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

Plaintiff has not satisfied these requirements for any requested relief.  He completed bloodwork and other lab work between May 21-30, 2020.  The Jail's doctor completed a medical evaluation of Plaintiff on May 30, 2020, and he issued a medical report.  According to Plaintiff's testimony and consistent with the medical report, Plaintiff is receiving adequate medical and mental health treatment at this time.

With regard to his diabetes, Plaintiff's weight is currently 243 pounds. His A1C level of 5.3 is excellent, and his blood sugar is under control.  Plaintiff is taking prescription medication to manage his blood pressure, which was within a healthy range of 130/92 on May 30, 2020.  The Jail's doctor recommended continuation of blood pressure medication, reduction of salt intake, and the addition of exercise.  Based on this evidence, the Court finds that a TRO requiring testing, diagnosis, and treatment of Plaintiff's diabetes-related health issues is unwarranted.

With regard to his request for mental health treatment, Plaintiff testified that he is receiving a number of prescription medications to control his anxiety, depression, and schizophrenia, after ingesting a razor blade in a suicide attempt earlier this year.  As of May 30, 2020, he reported

feeling better. He is currently housed in the general population. Although he continues to experience auditory symptoms, the Jail's doctor recommended that Plaintiff simply give his medication time to take full effect. The Jail's staff is aware of Plaintiff's mental health issues and is addressing them. Based on the evidence presented, the Court finds that a TRO requiring mental health treatment is also unwarranted.

With regard to Plaintiff's tailbone injury, Plaintiff offered no testimony indicating that he requires treatment of an existing injury. When asked about this request for relief, Plaintiff stated that no relief is required at this time. His request for a TRO for the tailbone injury is thus denied.

With regard to Plaintiff's request for an order prohibiting Nurse Alexander from treating him, Plaintiff testified that the nurse alluded to his lawsuits during a recent exam. The nurse did not refuse to treat him. Plaintiff testified that he voluntarily left the appointment when she brought up his litigation history. Although the Court does not condone such conduct, Plaintiff presented insufficient grounds to support his request for a TRO against Nurse Alexander under the circumstances.

Finally, the Court lacks authority to grant Plaintiff's request for an emergency transfer or release from confinement. Plaintiff is a state inmate who is proceeding in this Section 1983 suit. Release from custody is not an available form of relief under Section 1983. Plaintiff may request release or a transfer in his state criminal case and/or a habeas action, but he cannot obtain it in this case. His request for a TRO to effectuate a transfer or release from custody shall be denied.

For the reasons set forth above, Plaintiff's five emergency motions shall be denied in their entirety. The Court finds that Plaintiff is currently receiving adequate care. The Court also anticipates and expects Defendants to continue providing Plaintiff with reasonable and adequate medical and/or mental health treatment at Marion County Law Enforcement Center.

## CONCLUSION

Plaintiff's Emergency Motion for Order (Doc. 18) filed in Case 20-cv-348-JPG, Motion for Temporary Restraining Order (Doc. 19) filed in Case 20-cv-348-JPG, Motion for Emergency Transfer (Doc. 20) filed in Case 20-cv-348-JPG, Motion for Emergency Transfer (Doc. 13) filed in Case 20-cv-205-JPG, and Motion for Emergency Transfer (Doc. 16) filed in Case 20-cv-157-JPG are **DENIED**.

**IT IS SO ORDERED**.

**DATED: 6/4/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**